IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Annette I. Riley, | ) | C/A No. 3:16-3301-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| The State of South Carolina; Lexington County, | ) | |
| *South Carolina*; Nationstar Mortgage, LLC; | ) | |
| Warren R. Herndon, Jr., *in his Personal* | ) | |
| *Capacity*; Civil Case No. 2014-CP-32-4060, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Annette I. Riley, proceeding *pro se*, brings this action against the defendants. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and issuance and service of process.

I.    **Factual and Procedural Background**

Plaintiff alleges that Defendant Nationstar Mortgage brought a foreclosure action against her in the Lexington County Court of Common Pleas and the matter was referred to a special referee, Defendant Herndon, after the master-in-equity recused himself. (ECF No. 1 at 5, 7-8.) She claims Herndon did not take the oath of office as required by the South Carolina Constitution, and therefore, the court lacked jurisdiction over the case, which she refused to participate in. (Id. at 4, 6, 8.) She requests an order of protection from the state court, and further asks this court to require state judges

PJG

to take their oath of office and hear her motions to amend she filed in her foreclosure case. (Id. at 10.)

**II.    Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid,[1] the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

**B.     Analysis**

The court finds Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction. See Mallard, 490 U.S. at 307-08; Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[F]rivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. . . . In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted."). Plaintiff fails to state a recognizable federal cause of action in the Complaint. Arguably, the Complaint seeks injunctive relief against Defendant Herndon when it asks the court for an order of protection from the state courts, to require state judges to take their oath of office, and to require the state court to hear Plaintiff's motions. However, such relief is not cognizable in federal court. See In re Payne, 305 F. App'x 65, 66 (4th Cir. 2008) (unpublished) ("This court does not have jurisdiction to grant mandamus relief against state officials, or to review state court orders."). Moreover, such relief would require Plaintiff to name Defendant Herndon in his official capacity as a special referee, but Plaintiff expressly names Defendant Herndon in his

---

[1] Plaintiff paid the filing fee in this case. (ECF No. 1.)

individual capacity, and judges are immune from such individual capacity claims. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (providing that judges are entitled to absolute immunity from suit, not just the ultimate assessment of damages, for judicial actions taken within their jurisdiction). As to the other four named defendants, Plaintiff either fails to provide any facts about them in the Complaint, or fails to state facts that implicate a federal cause of action. Therefore, Plaintiff's Complaint fails to raise a federal cause of action and it should be summarily dismissed for want of subject matter jurisdiction.[2]

### III.     Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

October 25, 2016
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] Plaintiff also filed a Motion for an Injunction and Restraining Order contemporaneously with the Complaint, seeking an "Order of Protection" against the defendants based on the claims she raised in her Complaint. (ECF No. 2 at 2.) In light of the recommendation contained herein, this motion should be terminated.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).